NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0501-15T1

HAPPY DAYS ADULT HEALTHCARE
LLC, NEW HORIZONS BEHAVIORAL
HEALTHCARE CENTERS, LLC, BRIAN
KLEIMAN and RIVKA BASYA KLEIMAN,
h/w and STEVEN KLEIMAN and RIVKA
CHAYA KLEIMAN, h/w,

 Plaintiffs-Appellants,

v.

OBERMAYER REBMANN MAXWELL &
HIPPEL, LLP,

 Defendant-Respondent.
_________________________________

 Argued May 17, 2017 – Decided June 26, 2017

 Before Judges Alvarez, Accurso and Lisa.

 On appeal from Superior Court of New Jersey,
 Law Division, Camden County, Docket No. L-
 2151-15.

 Benjamin Folkman argued the cause for
 appellants (Folkman Law Offices, PC,
 attorneys; Mr. Folkman, of counsel; Eve R.
 Keller, on the brief).

 Matthew A. Green argued the cause for
 respondent (Obermayer Rebmann Maxwell &
 Hippel, LLP, attorneys; Mr. Green and
 Michelle L. Ringel, on the brief).
PER CURIAM

 This is the second appeal arising out of efforts by

defendant Obermayer Rebmann Maxwell & Hippel, LLP to recover for

services rendered to plaintiffs Brian and Rivka Basya Kleiman

and Steven and Rivka Chaya Kleiman and the limited liability

companies they control, plaintiffs Happy Days Adult Healthcare,

LLC, and New Horizons Behavorial Healthcare Centers, LLC, in

nine different matters between 2009 and 2012. In the prior

appeal, we affirmed a jury verdict in favor of Obermayer.

Obermayer Rebmann Maxwell & Hippel, LLP v. Brian Kleiman, et

al., No. A-0786-15 (App. Div. May 19, 2017) (slip op. at 2). In

this matter, the Kleimans appeal from an August 20, 2015 order

dismissing their complaint against Obermayer for malpractice

based on the entire controversy doctrine. Because we agree

Judge Ragonese was correct that the Kleimans had a full and fair

opportunity to litigate the claim in the first action and failed

to do so, we affirm, substantially for the reasons expressed in

the judge's comprehensive written opinion accompanying the

order.

 The background of this matter is set out in Judge

Ragonese's opinion and, because we write solely for the parties,

we have no need to recapitulate it here. The key facts are

clear. Ralph Ferrara has represented the Kleimans in a variety

 2 A-0501-15T1
of matters since 2005, including in a General Equity case in

Essex County, which the parties refer to as 300 Broadway.

Ferrara was still representing the Kleimans in the 300 Broadway

matter while the fee case and this suit were pending in the

trial court.

 In October 2012, Obermayer moved to disqualify Ferrara,

then at Richardson & Patel, and his partner, Morgan Zucker, from

defending the Kleimans in Obermayer's fee suit. The Kleimans

opposed that motion. Because Ferrara was likely to be a

necessary witness, having overseen the Kleimans' work at

Obermayer, the court disqualified Ferrara, but permitted Zucker

to continue to defend the Kleimans against Obermayer's claims.

 In December 2012, the Kleimans moved to disqualify the

Obermayer associate litigating the fee case against them because

they claimed Obermayer "mishandled" their matters and they would

be seeking a set-off against the fees Obermayer claimed were due

and owing. Judge Silverman Katz denied the motion because the

Kleimans had not asserted any malpractice or set-off claims in

either their affirmative defenses or counterclaim and had not

submitted an affidavit on the motion identifying the alleged

malpractice. The judge made clear, however, that the motion was

denied without prejudice to permit the Kleimans to cure those

procedural deficiencies.

 3 A-0501-15T1
 In October 2014, in advance of a January 2015 trial date,

Obermayer moved to file a second amended complaint to

specifically assert additional fees it claimed were owed on the

300 Broadway matter. The Kleimans opposed the motion claiming

it was filed after the close of extended discovery and that they

would be prejudiced by the late amendment. Judge Ragonese

disagreed. Although acknowledging Obermayer's tardiness in

asserting the claim, the judge found the parties had conducted

discovery on the claim, which set forth the same facts and legal

theories Obermayer had already asserted as affirmative defenses

to the Kleimans' counterclaim. Accordingly, the judge permitted

Obermayer to file its second amended complaint.

 When the Kleimans filed their answer to the amended

pleading in December 2014, they asserted, for the first time,

affirmative defenses of set-off and that the claims were "barred

or limited by [Obermayer's] professional negligence and

malpractice." After the Kleimans' motion to dismiss the amended

complaint was denied, Zucker moved to withdraw as their counsel,

claiming he was in an irreconcilable conflict. Specifically, he

claimed he could not assert a malpractice claim on behalf of the

Kleimans based on Obermayer's representation of them in the 300

Broadway matter without also suing his partner Ferrara, who was

 4 A-0501-15T1
the billing attorney, responsible for all of the Kleimans' work

when he was at Obermayer.

 Judge Fratto denied the motion, first in December and then

again in February when Zucker renewed it. Because the Kleimans

had never set forth how they claimed Obermayer had been

negligent, had never filed an affidavit of merit and did not

have an expert report, Judge Fratto observed he was "hard

pressed not to say that [the motion] appear[ed] to be an attempt

to delay this trial." Ultimately, the judge refused to allow

Zucker to withdraw on the basis of a malpractice claim never

asserted in the more than two years the case had been pending.

 Just before the rescheduled trial date in April 2015,

Zucker moved again to withdraw as counsel, and the motion was

again denied. Following unsuccessful motions for leave to

appeal in this court and the Supreme Court, the fee suit finally

went to trial in May 2015. On the first day of trial, the same

counsel representing plaintiffs in this case, appeared for the

Kleimans, individually, while Zucker continued to represent

their business entities. Counsel on behalf of the Kleimans

moved to stay the trial until the 300 Broadway case was

completed or, alternatively, for leave to file an amended

counterclaim for malpractice.

 5 A-0501-15T1
 Judge Ragonese denied both motions as untimely. The judge

also denied the Kleimans' oral motion to preserve their

malpractice claims against Obermayer and exempt them from

application of the entire controversy doctrine, or other

principles of claim preclusion, including res judicata. The

judge granted Obermayer's in limine motion to strike the

Kleimans' affirmative defense of malpractice, based on their

failure to produce an expert report in discovery.

 While the fee suit was still being tried, the Kleimans

filed the verified complaint for malpractice in this case and

sought to have it consolidated with Obermayer's fee suit. Judge

Ragonese denied that motion, and likewise denied the Kleimans'

application to stay this suit until the 300 Broadway case was

concluded. The jury returned its verdict in favor of Obermayer

in its fee suit on June 11, 2015, which included a $58,366.15

award in quantum meruit relating to the 300 Broadway file. As

noted, we recently affirmed the verdict in that case.

Obermayer, supra, slip op. at 2.

 Following entry of judgment in the fee suit, Obermayer

moved to dismiss the complaint in this action based on res

judicata, collateral estoppel and the entire controversy

doctrine. Judge Ragonese granted the motion. In a

comprehensive written opinion, the judge concluded that the

 6 A-0501-15T1
Kleimans' legal malpractice claim needed to have been litigated

in the fee action because the claim for fees and the claim for

malpractice "could be most soundly and appropriately litigated

and disposed of in a single comprehensive adjudication."

 The judge found that the Kleimans were aware of their

malpractice claim against Obermayer since at least November

2014, yet did not do anything to actually assert the claim until

the first day of trial in May 2015, when they brought on current

counsel to seek to amend their counterclaim. Judge Ragonese

concluded that the Kleimans' "failure to develop the claim in

the [p]rior [a]ction makes it fair that they be precluded from

asserting it in a later and separate action."

 The Kleimans appeal, claiming that to require them to

litigate their malpractice claim against Obermayer and Ferrara

while Ferrara was still representing them in the 300 Broadway

matter would have had a chilling effect on the attorney-client

relationship and that they did not have a fair and reasonable

opportunity to litigate the malpractice claim in the fee suit.

We disagree.

 The Kleimans first raised the specter of a malpractice

claim against Obermayer in December 2012, six months after

Obermayer filed the fee suit and three months after the court

dismissed their answer and affirmative defenses in the 300

 7 A-0501-15T1
Broadway suit for their failure to comply with court orders.

Thus at the point in time that Judge Silverman Katz denied the

Kleimans' motion to disqualify the Obermayer associate

representing the firm in the fee suit, the Kleimans were already

aware of the claims they had against Ferrara and Obermayer

arising out of Ferrara's representation of them in 300 Broadway.

That motion was denied because the Kleimans had failed to plead

a malpractice claim. Judge Silverman Katz, however, denied the

motion without prejudice, making clear that if the Kleimans

intended to assert a malpractice claim against Obermayer as an

offset to the fee claim, they needed to amend their pleadings in

order to do so.

 The Kleimans, however, did not act until the last days of

December 2014, in advance of a scheduled January 2015 trial

date. And even then, it was not until five months later on the

first day of the rescheduled trial that they took the steps to

have separate counsel assert a counterclaim for malpractice

against Obermayer and ask the court to either stay the action

pending the conclusion of the 300 Broadway suit or sever and

preserve their malpractice claim. Nothing prohibited the

Kleimans from taking those steps in December 2012 after they

were advised to amend their pleadings if they intended to assert

a set-off to Obermayer's fee claim. Under those circumstances,

 8 A-0501-15T1
we have no hesitation in finding the trial court was correct to

conclude the Kleimans had been provided a full and fair

opportunity to litigate their malpractice claim against

Obermayer when it 1) dismissed the Kleimans' affirmative defense

of malpractice in the fee suit and 2) granted Obermayer's motion

to dismiss the Kleimans' malpractice complaint in this case

under the entire controversy doctrine.1

 Further, we reject the Kleimans' claims that their

malpractice claim was not ripe or that forcing them to assert it

while Ferrara was still representing them in the 300 Broadway

matter would have significantly interfered with their

relationship. A claim for legal malpractice "accrues when an

attorney's breach of professional duty proximately causes a

plaintiff's damages." Grunwald v. Bronkesh, 131 N.J. 483, 492

(1993). There is no question but that the Kleimans were aware

1
 As a procedural matter, we also note our agreement with
Obermayer that the denial of the Kleimans' motion to amend their
counterclaim to assert a malpractice claim and the grant of
Obermayer's in limine motion striking the malpractice defense in
the first suit constituted a decision on the merits of that
claim. The Kleimans' failure to appeal those rulings bars their
malpractice claim here. See Velasquez v. Franz, 123 N.J. 498,
511 (1991) ("[A] judgement, not set aside on appeal or
otherwise, is equally effective as an estoppel upon the points
decided.") (quoting Reed v. Allen, 286 U.S. 191, 201, 52 S. Ct.
532, 534, 76 L. Ed. 1054, 1058 (1931)).

 9 A-0501-15T1
of their claim against Ferrara following the suppression of

their answer and affirmative defenses in the 300 Broadway suit.2

They also knew the ruling had caused them to suffer damages,

although the full extent of those damages was not yet known

because the matter was still pending. The 1) Kleimans'

awareness of their claim, 2) their earlier attempt to disqualify

Obermayer's counsel based on asserted negligence, which also

implicated Ferrara, 3) that the fee suit was not the underlying

action giving rise to the alleged malpractice, and 4) the

Kleimans' ability to have taken the steps they took on the trial

date, years earlier, readily distinguishes this case from Olds

v. Donnelly, 150 N.J. 424, 440-43 (1997) and Sklodowsky v.

Lushis, 417 N.J. Super. 648, 653-57 (App. Div. 2011).

 The Kleimans were, in December 2012, both aware of their

malpractice claim against Ferrara arising out of the 300

Broadway matter and advised of the necessity to assert it in the

fee case. We thus agree they were provided a full and fair

opportunity to litigate the claim against Obermayer in

Obermayer's fee suit and failed to do so. We accordingly

2
 Brian Kleiman himself made the point clearly to Judge Fratto on
Zucker's second motion to withdraw as counsel in the fee suit.

 10 A-0501-15T1
affirm, substantially for the reasons expressed in Judge

Ragonese's thorough and thoughtful opinion of August 20, 2015.

 Affirmed.

 11 A-0501-15T1